UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NORMAN JONATHAN WEST**<br>        **LA. DOC #101673**<br>**VS.** | **CIVIL ACTION NO. 3:10-CV-0330**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **LOUISIANA DEPARTMENT OF PUBLIC**<br>**SAFETY AND CORRECTIONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* plaintiff Norman Jonathan West, proceeding *in forma pauperis*, filed the instant civil rights complaint on February 17, 2010. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); he is incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana; however, when he filed this suit he was incarcerated at the Bossier Parish Medium Security Correctional Center (BPMCC), Plain Dealing, Louisiana. He complains that he was wrongfully terminated from the LDOC's work-release program operated through the East Carroll Detention Center (ECDC), Lake Providence. He sued LDOC, BPMCC, ECDC, Sheriff Mark Shumate, Lura Sevier, Captain Poche, Warden Harris, Larry Dean, Keshia Harris and Rodney Boyer. He asks for an immediate transfer to another prison where he can participate in a work-release program as well as compensatory damages for lost wages and pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the LDOC. In September 2009 he was incarcerated at the ECDC and allowed to participate in an LDOC approved work-release program at the Holly Brook Cotton Gin. On some unspecified date his work-release status was terminated due to a lack of jobs and he was transferred to the BPMCC. Plaintiff filed grievances complaining that he was entitled to continue to participate in a work-release program; however, when his grievances were rejected he filed the instant complaint on February 17, 2010.

*Law and Analysis*

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998)

(quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaints and exhibits present the best case which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed with prejudice.

***2. Due Process***

Plaintiff implies that the defendants denied him due process when they denied him work release placement. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous.

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the LDOC's work-release program – entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). The statute is virtually identical to La. R.S.15:711 which authorizes Parish Sheriffs to establish work-release programs such as the program operated in Bossier Parish. Indeed, the latter statute also provides, "<u>Each sheriff</u> shall establish written rules for the administration of the work release program and <u>shall</u>

<u>determine those inmates who may participate in the release program</u>..." Since the statutes are virtually identical in substance, it is safe to conclude that R.S.15:711, like its LDOC counterpart, R.S.15:1111, also does not create a liberty interest subject to the Due Process Clause.

Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that his rights to due process have been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. Indeed, the Fifth Circuit has previously held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not constitutionally entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a

property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

*4. Relief Requested*

In addition to compensatory damages and damages for pain and suffering, plaintiff seeks injunctive relief – an immediate transfer to another facility. [Doc. 1, ¶V] A prisoner has no constitutional right to be housed in a particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983). Pursuant to *Procunier v. Martinez*, 416 U.S. 396 (1974), prison administrators are given wide discretion regarding the operation of prison facilities. Plaintiff's request for an injunction directing his transfer must also be denied.

*Conclusion and Recommendation*

Plaintiff's complaints and exhibits do not establish a due process violation since plaintiff has neither a liberty interest nor property interest in work-release; finally, even if plaintiff could establish the violations he complained of, he is not, as a matter of law, entitled to injunctive relief in the form of a transfer. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**In Chambers, Monroe, Louisiana, April 29, 2010.**

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE